UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA,

                      Plaintiff,

v.

TIMOTHY THOMAS,

                      Defendant.

_____/

Case Number 14-182
Honorable David M. Lawson

## ORDER GRANTING MOTION FOR RECONSIDERATION, ADJOURNING TRIAL, AND PRESCRIBING DISCOVERY PROCEDURES

In 2014, the grand jury charged defendant Timothy Thomas in an indictment with wire fraud, mail fraud, money laundering, and criminal contempt. The grand jury alleged that Thomas engaged in a telemarketing scheme to sell through his company, United Benefits, certain bundled insurance products that were misrepresented to be "major medical health insurance." There appears to be no dispute that the products United Benefits sold were not health insurance. Thomas supposedly supervised a team of telemarketers who solicited potential customers with a sales pitch over the telephone. The calls were recorded, and Thomas says he hired a company to monitor those calls to verify that the representations made by his employees were true.

The government contends that the telemarketers routinely made misrepresentations to sales prospects, and Thomas was made aware of those misrepresentations through memoranda and call recordings that were given to him. Thomas apparently believes that only a small number of those calls will be shown to contain misrepresentations, and he intends to argue that he relied in good faith on the compliance procedures he put in place, which would negate an intent to defraud.

The case first was set for trial on October 29, 2014 and subsequently was adjourned eight times, at the defendant's request. In his latest motion to adjourn the trial once again, Thomas alleged that his previous lawyer had recently delivered to present defense counsel (Peter Strianse) a two-terabyte hard drive that could contain relevant information on the recorded telemarketing calls. The Court was unconvinced that the contents of the drive were relevant to the defense, and that sufficient diligence had been shown to justify another adjournment.

The defendant attempted to renew his argument for a trial adjournment at the final pretrial conference held on August 14, 2017. At that time, the Court stated that a written motion would be necessary. In the ensuing motion, Thomas argued that his current lawyer learned for the first time on August 15, 2017 that approximately 100,000 telemarketing call recordings were located on computer media turned over in 2014 to previous counsel. By the time the storage media made its way to present defense counsel, the data on the drive was "corrupted," according to Mr. Strianse. The government provided a new drive to defense counsel on July 12 and 18, 2017. However, that the approximate 100,000 telemarketing call recordings were located on that computer media was not apparent to the untrained observer. Defense counsel now says that he has been informed (by the government) that the electronic media in his possession contains 100,000 .wav files, which could contain recorded telemarketing calls made by United Benefits personnel between 2008 and 2010.

The Court held two telephone conferences with counsel for the parties to discuss the request for adjournment, the latest on September 18, 2017. The defendant insists that the contents of the recorded calls, which took place over at least two years, is crucial to his good faith defense. The government is skeptical that the calls will be helpful to Thomas, but it is not prepared to agree that the contents of all (or even most) of the calls were "on script" and did not contain any

misrepresentations, because the government believes, based on its investigation, that some of the calls do involve misrepresentations.

It is conceivable that a large volume of non-misrepresented telemarketing calls could support a good faith defense. For instance, if Thomas can show that many of the calls over time were legitimate (that is, did not contain material misrepresentations or omissions), and that when a fraudulent call by a telemarketer was brought to his attention he took steps to remediate his procedures, he could argue based on that evidence that he had no intent to defraud. *See United States v. Frost*, 125 F.3d 346, 372 (6th Cir. 1997) (confirming that "good faith on the part of a defendant is inconsistent with an intent to defraud"). As the Sixth Circuit Pattern instruction on the subject states: "An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct." Sixth Cir. Crim. Pattern Jury Inst. 10.04 (quoted in *United States v. Svoboda*, 633 F.3d 479, 481-82 (6th Cir. 2011)).

The government opposes the motion to put off this trial yet again, and with good reason. The case is over three years old, and trial has been adjourned several times already. The diligence displayed by the defendant in locating this "crucial" evidence has been unimpressive. Thomas certainly knew that these calls were recorded, apparently having put the procedure in place himself. This criminal case itself presumably sprang from a civil enforcement action brought against Thomas and others by the Federal Trade Commission, which sought a cease-and-desist order, an asset freeze, and appointment of a receiver. The call recordings were part of that case, but there has been no explanation why they did not find their way to Thomas's previous criminal attorney(s), and then to present counsel, who has been part of this case for over a year.

Ironically, though, it is this lack of diligence that tips the balance in favor of one more trial adjournment. Although arguably Thomas himself shares the blame for the failure to pursue this evidence over the past three years, if ultimately convicted, he likely would mount an argument that defense counsel ought to be faulted for failing to obtain and present the recordings in support of a good faith defense. It is not prudent to embed a constitutional flaw into a prosecution that likely will require a lengthy trial, *see* 28 U.S.C. § 2255, when a modest adjournment will address that potential issue in advance.

The government contends, probably correctly, that there is no need for the defendant to examine the content of all 100,000 recordings in order to present a good faith defense. An informed sampling protocol ought to suffice. The Court understands, however, that some preliminary investigation of the electronic media to identify the storage benchmarks and the dates of the recordings will be necessary before such a protocol can be proposed. In the latest telephone conference, defense counsel represented that such a preliminary review could be accomplished "relatively quickly."

Thomas also suggests that he will seek funds under the Criminal Justice Act (CJA) to help in his search of the data. *See* 18 U.S.C. § 3006A(e)(1). Although Thomas's present counsel is retained, a judge of this Court previously assigned to this case found Thomas to be an indigent for the purpose of qualifying for investigative services under the CJA. That order was entered nearly two years ago and does not address the present situation. If Thomas wants CJA funds, he will have to file — promptly — a motion for that relief accompanied by a fresh financial affidavit (Form CJA 23).

In a previous order for supplemental briefs in support of the reconsideration motion, the Court directed the defendant to furnish "a specific plan of action and a timeline for the defense to conduct an adequate review of the substance of the calls," and "a budget for any third-party services needed to carry out that review, including identifying the service providers that would be retained." The defendant has not presented either, yet. Defense counsel has been in contact with a CJA-approved discovery attorney and has contacted a litigation support vendor, but more specific information has not been forthcoming. If the defendant seeks CJA funds to support his discovery effort, the Court will direct defense counsel, Peter Strianse, to consult with Sixth Circuit Case Budgeting Attorney Robert Ranz, after which counsel must present a budget for the anticipated work.

Counsel for the government and defense counsel have alerted the Court to another trial involving both lawyers that will begin in this district shortly after the first of the year. They expect that trial to last several weeks. To address and avoid potential schedule conflicts, the Court will direct the attorneys to supply the Court with their professional calendars through April 2018.

The defendant has presented sufficient cause to adjourn the trial presently scheduled to begin October 10, 2017. Not allowing the adjournment would deny the defendant the time needed effectively to prepare for trial. *See* 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(iv). For the reasons stated above, the ends of justice served by allowing this additional adjournment outweigh the interests of the defendant and the government in a speedy trial. Therefore, the time between the filing of the defendant's motion for reconsideration and the next trial date will be excluded from the calculation of the seventy-day deadline prescribed by the Speedy Trial Act. 18 U.S.C. § 3161(c)(1), (h). The length of the adjournment of trial will be determined after the Court receives additional information from defense counsel on his discovery efforts.

Accordingly, it is **ORDERED** that the defendant's motion to reconsider the order denying his motion to adjourn the trial [dkt. #124] is **GRANTED**.

It is further **ORDERED** that the trial scheduled to begin October 10, 2017 is **ADJOURNED** to a date to be set by the Court.

It is further **ORDERED** that counsel for the defendant and the government must submit to the Court **on or before September 22, 2017** their professional calendars through April 2018.

It is further **ORDERED** that if defendant Timothy Thomas intends to seek funds under the Criminal Justice Act to assist in the investigation of electronically stored information (ESI), he must file an appropriate motion accompanied with a current financial affidavit **on or before September 22, 2017**.

It is further **ORDERED** that the defendant must promptly submit to the Court a specific plan of action and a timeline for the defense to conduct a review of the contents of the ESI.

It is further **ORDERED** that the time between August 25, 2017 and the next trial date will be excluded from the calculation of the seventy-day deadline prescribed by the Speedy Trial Act, for the reasons stated above. 18 U.S.C. § 3161(c)(1), (h)(7)(A), (h)(7)(B)(iv).

        s/David M. Lawson  
        DAVID M. LAWSON  
        United States District Judge

Dated: September 19, 2017